UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-0291 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| SIRTAJRO T HEARD | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Sirtajro T. Heard ("Heard"). Record Document 40. In his motion, Heard argues his sentence is unconstitutional in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and the Fifth Circuit decision in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023). The Government opposes the motion as untimely and argues Heard is not entitled to relief. Record Document 44.

For the following reasons, Heard's motion [Record Document 40] is **DENIED** and **DISMISSED WITH PREJUDICE**.

## Background

On April 15, 2021, Heard pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Record Documents 1 & 28. Heard's presentence investigation report calculated Heard's total offense level as 23, his criminal history as a category of V, and his Guideline range as 84 to 105 months. Record Document 34 at 17. At sentencing, the Court determined that Heard had a total offense level of 19, resulting in a Guideline range of 57 to 71 months. Record Document 38 at 1. On August

13, 2021, the Court sentenced Heard to 69 months of imprisonment and three years of supervised release. Record Document 37 at 2-3.

In the instant motion, Heard primarily argues his conviction is unconstitutional based on the Supreme Court's holding in *Bruen*, 597 U.S. 1, and the Fifth Circuit's decision in *Rahimi*, 61 F.4th 443. Record Document 40-1. Heard argues that Bruen "announced a new rule of law that is retroactive to cases on collateral review." *Id.* at 15. He further argues that "barring him from possessing a gun for protection in his home under the Second Amendment is not consistent with the Nation's Historical Tradition of Firearm Regulation and violates his 'right' to bear arms under the Second Amendment." *Id.*

## Law & Analysis

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v.*

2

*Frady*, 456 U.S. 152, 164 (1982)). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003).

Section 2255 motions are subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f).

Heard's motion is untimely. Heard did not file his § 2255 motion within one year of his judgment of conviction becoming final. Heard's judgment of conviction was imposed on August 11, 2021. *See* Record Document 37. Heard's judgment of conviction became final on August 25, 2021, and his one-year period to file a § 2255 motion expired on August 25, 2022. *See* Fed. R. App. P. 4(b) (allowing fourteen days to appeal a judgment of conviction). Heard did not file the instant motion until August 29, 2023. Thus, Heard's motion is not timely under § 2255(f)(1).

Heard attempts to invoke § 2255(f)(3) by arguing that *Bruen* and *Rahimi* are Supreme Court cases newly recognizing a right and that the cases were made retroactively applicable on collateral review.[1] However, neither of these cases make Heard's motion timely. Even assuming *Bruen* announced a newly recognized right that was made retroactively applicable on collateral review,[2] Heard's motion would still be untimely because he did not file within one year of the *Bruen* decision. *Bruen* was decided on June 23, 2022; Heard's motion was filed over one year later in August 2023. *See* 597 U.S. 1. Further, any challenge brought under the Fifth Circuit's decision in *Rahimi* clearly fails to meet the requirements of § 2255(f)(3). By definition, the Fifth Circuit's decision in *Rahimi* is not a Supreme Court case and thus does not qualify under 28 U.S.C. § 2255(f)(3). *See* 61 F.4th 443.[3] Thus, Heard's motion is not timely under § 2255(f)(3). Because no other provision of § 2255(f) applies, Heard's motion is untimely.

A defendant can overcome the one-year bar by establishing a claim of "actual innocence." *See McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). Actual innocence refers to factual innocence, not legal innocence. *See Johnson v. Hargett*, 978 F.2d 855, 859-60

---

[1] In addition to *Bruen* and *Rahimi*, Heard raises *Montgomery v. Louisiana*, 577 U.S. 190 (2016), and *District of Columbia v. Heller*, 554 U.S. 570 (2008). *Montgomery* was decided in 2016, and *Heller* was decided in 2008—both many years prior to Heard's conviction and instant motion. Therefore, neither case can make Heard's motion timely.

[2] Other district courts in this circuit have found that *Bruen* did *not* announce a new rule that was retroactively applicable to cases on collateral review. *See, e.g., Kraut v. United States*, No. 18-0462, 2024 WL 4544122, at *2 (N.D. Tex. Oct. 22, 2024).

[3] Further, on appeal, the United States Supreme Court reversed the Fifth Circuit's decision and upheld the firearm restriction at issue. *See United States v. Rahimi*, 602 U.S. 680 (2024).

4

(5th Cir. 1992). To make a proper argument of actual innocence, Heard must at minimum allege facts showing that either he did not actually engage in the conduct for which he was convicted or the conduct he engaged in is no longer criminal. Heard has not done so here. Since *Bruen*, the Fifth Circuit has rejected facial and as-applied challenges to § 922(g)(1). *See United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024). Further, claims of actual innocence are not "a free-standing ground for relief" but rather a procedural gateway to circumvent procedural barriers to relief under § 2255. *See United States v. Hogan*, No. 19-0003-02, 2024 WL 4537154, at *2 (W.D. La. Oct. 21, 2024) (quoting *Scruggs*, 691 F.3d at 671).

Finally, even if Heard's motion was timely, it would be meritless. Heard's statute of conviction, 18 U.S.C. § 922(g)(1), is constitutional. *See Diaz*, 116 F.4th at 472; *see also United States v. Greer*, No. 24-30558, 2025 WL 444417, at *1 (5th Cir. Feb. 10, 2025) (finding that defendant's facial challenge to § 922(g)(1) was foreclosed by *Diaz*).

Heard's statute of conviction is also constitutional as applied to Heard. Heard's presentence investigation report shows that his previous convictions include drug possession, possession with intent to distribute, and possession of a firearm by a convicted felon. *See* Record Document 34 at 7-8, 11. Courts in this circuit have consistently held that § 922(g)(1) is constitutional as applied to defendants with the same underlying criminal convictions. *See, e.g.*, *United States v. Carter*, No. 23-CR-022, 2024 WL 4723236, at *1, 7 (E.D. La. Nov. 8, 2024) (holding § 922(g)(1) constitutional as applied to a defendant with underlying convictions for possession with intent to distribute, drug possession, and possession of a firearm by a convicted felon); *United States v.*

5

*Wilson*, No. 22-CR-238, 2024 WL 4436637, at *4, 6 (E.D. La. Oct. 6, 2024) (holding § 922(g)(1) constitutional as applied to a defendant with underlying convictions for possession with intent to distribute, drug possession, possession of stolen firearms, and possession of a firearm by a convicted felon).

## Conclusion

For the reasons assigned herein, Heard's motion pursuant to 28 U.S.C. § 2255 [Record Document 40] is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Heard has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 19th day of February, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE